UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

    Plaintiff,

v.                                                     Case No. 1:04-cv-606
                                                     HON. R. ALLAN EDGAR

S. KEEGSTRA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Fred Reeves, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Grievance Coordinator S. Keegstra, Inspector M. Macaulay and Administrative Assistant R. Groves, all of whom are employed at the Ionia Maximum Correctional Facility (ICF).

        Plaintiff's complaint alleges that on March 5, 2003, he gave a large legal envelope to Assistant Resident Unit Supervisor Payne, which contained materials demonstrating exhaustion of administrative remedies. Plaintiff states that the envelope was to be sent to Magistrate Judge Joseph G. Scoville with regard to Case No. 1:02-cv-949. Plaintiff alleges that the named Defendants intercepted the mail and disposed of it in order to make sure that Plaintiff's case would be dismissed. Plaintiff contends that this conduct was motivated by a desire to retaliate against him for filing the complaint. On March 14, 2003, Plaintiff's complaint was dismissed for failure to demonstrate exhaustion pursuant to 28 U.S.C. § 1997e(a).

Plaintiff attaches a copy of his step I grievance regarding the alleged misconduct to his complaint. Plaintiff's grievance is dated March 31, 2003, and is coded ICF-0304-851-15B. The grievance alleges that Plaintiff sent several items to Magistrate Judge Scoville on March 5, 2003, but that the named defendants must have intercepted it, because the mail never went out. Plaintiff's grievance included a copy of an "Expedited Legal Mail Form." In the step I response, which is also attached as an exhibit to Plaintiff's complaint, the respondent states that a search of the Case Manager's Office and the Records Office produced no mail meeting the description of Plaintiff's missing mail. The response also states:

> Former [Assistant Resident Unit Supervisor] Payne does state it appears to be his signature on the Expedited Legal Mail form for the legal mail in question. It is unclear though as to how the legal mail could have been received at 1136 hrs as it written [sic] on the Expedited Legal Mail form. At the exact same date and time, 03-05-03 1136 hrs, legal mail is documented as being received from a different prisoner on a different housing unit gallery. Former [Assistant Resident Unit Supervisor] Payne informs he [sic] has never written the exact same time on two different prisoner's legal mail, this statement is verified by institutional records. It should also be noted the previous mentioned prisoner's mail, with the same written time, is accounted for and no legal mail received by Former [Assistant Resident Unit Supervisor] Payne has [been] found to be missing. [Assistant Resident Unit Supervisor] Payne states at all times he handles prisoner legal mail in accordance with policy and procedure.
>
> In response to your assertions in this grievance Inspector Macaulay, A/Administrative Assistant Groves and Litigation Coordinator Keegstra all report at no time did they see or handle the legal mail referred to in this grievance. Litigation Coordinator Keegstra states case # 1:02-cv-494 was dismissed without prejudice however no harm has been suffered as you may file a motion for reconsideration and then re-file the lawsuit at any point in time. Evidently you are aware of this as records indicate you are exercising this process currently.

(*See* Exhibit A-3 to Plaintiff's complaint.)

Plaintiff claims that Defendants' actions violated his rights under the First Amendment to the United States Constitution. Plaintiff is seeking compensatory and punitive damages.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff appears to be asserting that Defendants violated his right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In their motion for summary judgment, Defendants state that they are entitled to summary judgment on Plaintiff's access to courts claim because they were not involved in the mail process in any way and have no knowledge of any mail handled by Mr. Payne on March 5, 2003, or on any other date. Each of the Defendants offer affidavits indicating that they are not employed in the mail room and that their jobs do not involve the handling of mail at any point. In addition, Defendants state that even if Plaintiff had successfully mailed the exhaustion documents to the court, the outcome in Case No. 1:02-cv-949 would have been the same. Plaintiff responds by offering

documents which he claims show that he could have proven exhaustion with regard to Case No. 1:02-cv-949 had his mail been sent out. However, the undersigned notes that Defendants correctly assert that a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002). Therefore, as stated by Defendants, the successful mailing of the documents would not have saved his case from dismissal. Because Plaintiff cannot show actual prejudice as a result of Defendants' conduct, the undersigned recommends dismissal of his access to courts claims.

Plaintiff also asserts that Defendants violated his right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted above, Defendants contend that Plaintiff is unable to show that they retaliated against him because there is no evidence that they were involved in the mail process in any way. Defendants appear to be asserting that they did not take an adverse action against Plaintiff as required to maintain a retaliation claim. Plaintiff responds by stating that in August or September of 2002, he received social security numbers, birthdates, and other information on eight ICF employees. As a result, Plaintiff was strip searched, his property was taken and a Notice of Intent

(NOI) was written on him. Plaintiff states that he received a hearing on the NOI on January 31, 2003, which determined that all of Plaintiff's incoming and outgoing mail would be inspected by Defendants. Plaintiff states that his copy of the NOI was stolen and that Defendants had failed to provide a copy of the NOI.

In the opinion of the undersigned, Defendants have met their burden by showing that they are entitled to judgment as a matter of law. Plaintiff has failed to come forward with any evidence supporting his assertion that Defendants intercepted his outgoing legal mail on March 5, 2003. Moreover, Plaintiff fails to allege any specific facts showing that Defendants desired to retaliate against him. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendants interfered with his outgoing mail or that they did so in an attempt to retaliate against Plaintiff. Accordingly, Defendants are entitled to summary judgment on Plaintiff's retaliation claims.

Finally, Defendants claim that they are entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used

to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).  As noted above, Plaintiff has failed to support his claim that Defendants violated his constitutional rights.  Therefore, the undersigned recommends that Defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #23) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  August 9, 2005                    /s/ Timothy P. Greeley
                                                    TIMOTHY P. GREELEY
                                                    UNITED STATES MAGISTRATE JUDGE